**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7362**

WRITER'S EMAIL ADDRESS
**ellisonmerkel@quinnemanuel.com**

July 2, 2024

The Honorable Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Westchester County v. Mylan Pharmaceuticals, Inc., et al.*, 23-cv-06096-CS
      Joint Request for Entry of Remand Order
      **This letter relates to:  The 21 Cases listed at Dkt. 140 at 4**

Dear Judge Seibel:

The 20 New York counties and the City of New York that are plaintiffs in the 21 recently-removed actions listed at Docket Entry 140 at 4 (the **Second Wave Cases**) and Defendants Express Scripts, Inc., Express Scripts Administrators, LLC, Medco Health Solutions, Inc., ESI Mail Order Processing, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., Evernorth Health, Inc., Express Scripts Specialty Distribution Services, Inc., UnitedHealth Group Incorporated, Optum, Inc., OptumRx, Inc., OptumInsight, Inc., OptumInsight Life Sciences, Inc., Optum Discount Card Services, LLC, Optum Perks, LLC, OptumHealth Care Solutions, LLC, OptumHealth Holdings, LLC, and Optum Health Networks, Inc., jointly write to request that the Court enter an order remanding the Second Wave Cases to state court and delay execution of that order for 7 days.[1]

In support of their request, the parties respectfully stipulate and agree as follows:

1.      The 21 Second Wave Cases were removed to this Court from the New York state opioids multi-district litigation proceeding in New York Supreme Court, Westchester County, by Defendants OptumRx, Inc., Express Scripts, Inc., ESI Mail Pharmacy Service, Inc., and Express Scripts Pharmacy, Inc., between April 18, 2024 and May 1, 2024. The Second Wave Cases were removed under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

2.      This Court accepted the removing defendants' designation of the Second Wave Cases as related to *Westchester County, NY v. Mylan Pharmaceuticals, Inc., et al.*, 23-cv-6096-

---

[1] Defendants join this request without waiving any defense, including jurisdictional defenses.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

CS, which OptumRx, Inc., and Express Scripts, Inc., removed to this Court alongside 33 companion cases (together, the **First Wave Cases**) under the federal officer removal statute in 2023.

      3.      Plaintiffs filed motions to remand the 21 Second Wave Cases. The court then granted Defendants leave to file a single omnibus opposition brief and Plaintiffs leave to file a single omnibus reply brief. Defendants filed their omnibus opposition brief on June 7, 2024; Plaintiffs elected not to file a reply brief. The motions to remand are therefore fully briefed.

      4.      On June 18, 2024, the Court entered an order remanding the First Wave Cases to state court (the **First Wave Remand Order**). On June 19, 2024, Express Scripts, Inc., and OptumRx, Inc., noticed 34 separate appeals. On June 28, 2024, Express Scripts, Inc., and OptumRx, Inc., filed a motion in the lead case in the Second Circuit to stay the First Wave Remand Order and to expedite their appeal.

      5.      The parties agree that the reasoning of the First Wave Remand Order applies to the Second Wave Cases and that—while Express Scripts, Inc., and OptumRx, Inc., maintain their objections to the First Wave Remand Order and preserve all appellate rights in respect of the Second Wave Cases, including the right to appeal a remand order in those cases under 28 U.S.C. § 1447(d)—the Court should enter an order remanding the Second Wave cases for the reasons given in the First Wave Remand Order.

      6.      The parties agree that the Court should wait 7 days before executing its order remanding the Second Wave Cases, to allow defendants an opportunity to notice an appeal.

The parties therefore respectfully request that this Court so-order this stipulation and enter a remand order consistent with it.

Respectfully submitted,

/s/ *Ellison Ward Merkel*

Ellison Ward Merkel

s/ *Thomas I. Sheridan, III*
Thomas I. Sheridan, III
SIMMONS HANLY CONROY LLC
112 Madison Avenue
New York, NY 10016
(212) 784-6404
tsheridan@simmonsfirm.com