UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WESTCHESTER COUNTY, *et al*.,

                                    Plaintiffs,

     - against -

MYLAN PHARMACEUTICALS, INC., *et al*.,

                                  Defendants.
---------------------------------------------------------------x

**OPINION & ORDER**

No. 23-CV-6096 (CS)

<u>Appearances</u>:

Hunter J. Shkolnik
Paul J. Napoli
NS PR Law Services, LLC
Santurce, Puerto Rico

Salvatore C. Badala
Shayna E. Sacks
Napoli Shkolnik PLLC
Melville, New York
*Counsel for Plaintiffs*

Ellison Ward Merkel
Haley Plourde-Cole
Quinn Emanuel Urquhart & Sullivan, LLP
New York, New York

Michael Lyle
Jonathan G. Cooper
Quinn Emanuel Urquhart & Sullivan, LLP
Washington, D.C.

Charles B. Straut II
Quinn Emanuel Urquhart & Sullivan, LLP
San Francisco, California
*Counsel for Defendant Express Scripts, Inc.*

Michael R. Hoernlein
Brian D. Boone
Alston & Bird LLP
Charlotte, North Carolina

Caroline Rawls Strumph
Alston & Bird LLP
Atlanta, Georgia

Debolina Das
Alston & Bird LLP
New York, New York
*Counsel for Defendant OptumRx, Inc.*

Seibel, J.

Before the Court are Plaintiffs' motions for attorney's fees in this and thirty-three related

cases.  (ECF No. 153.)[1]  For the following reasons, the motions are DENIED.

---

[1] The thirty three related cases are:  *Cattaraugus County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06103; *Cayuga County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06106; *Chautauqua County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06108; *Chemung County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06109; *Chenango County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06115; *City of Ithaca, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06115; *City Of Kingston, NY v. Novartis, et al.*, No. 23-CV-06126; *City of Mount Vernon, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06136; *Clinton County, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06113; *Cortland County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06121; *Essex County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06097; *Franklin County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06125; *Genesee County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06128; *Hamilton County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06129; *Livingston County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06132; *Niagara County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06104; *Orleans County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06110; *Otsego County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06112; *Putnam County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06116; *Rensselaer County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06117; *Saratoga County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06119; *Schoharie County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06123; *Schuyler County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06127; *Steuben County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06107; *Tioga County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06098; *Tompkins County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06114; *Town of Lancaster, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06130; *Town of Amherst, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06118; *Town of Cheektowaga, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06124; *Warren County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06133; *Yates County v. Mylan*

## I.    <u>BACKGROUND</u>

The Court assumes the parties' familiarity with the underlying facts and procedural history, which were set forth in my June 18, 2024 Opinion & Order granting Plaintiffs' motion to remand.  (*See* ECF No. 148 ("June 18 Opinion").)  On July 3, 2024, Plaintiffs filed the instant motions pursuant to 28 U.S.C. § 1447(c) seeking an award of attorney's fees incurred as a result of removal to this Court by Defendants Express Scripts, Inc. ("Express Scripts") and OptumRx, Inc. ("OptumRx" and together with Express Scripts, the "Removing Defendants").  (ECF No. 153.)[2]

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

---

*Pharmaceuticals, Inc. et al.*, No. 23-CV-06134; *Town of Tonawanda, NY v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06131; and *Madison County v. Mylan Pharmaceuticals, Inc. et al.*, No. 23-CV-06135.

Citations to "ECF No. ___" refer to documents found on the docket of this case, No. 23-CV-6096.

[2] Plaintiffs did not request a pre-motion conference before filing the instant motion, as required by Rule 2(A) of the Court's Individual Practices.  The Removing Defendants argue that this failure warrants denial of the motion.  (*See* ECF No. 157 ("Ds' Opp.") at 4.)  To avoid unnecessary delay, and because the parties have fully briefed this motion, I will waive the pre-motion conference requirement and proceed to the merits.  *See Douek v. U.S. Dep't of Educ.*, No. 02-CV-9758, 2005 WL 659236, at *3 (S.D.N.Y. Mar. 22, 2005) ("Judges and Magistrate Judges may waive their own requirements for premotion conferences."), *aff'd,* 231 F. App'x 100 (2d Cir. 2007); *see also Breco Equities, LLC v. Whitehead*, No. 22-CV-8683, 2023 WL 5180141, at *3 n.2 (S.D.N.Y. Aug. 11, 2023) ("waste of the resources of the Court and the parties" to deny motion based on failure to comply with individual practices).  (Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.)

removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (*per curiam*).  "A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper." *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22-CV-7787, 2023 WL 2366975, at *4 (S.D.N.Y. Mar. 6, 2023).  "If a defendant's grounds for removal are not clearly barred by established federal law, then an award of attorney's fees and costs is improper."  *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011).  "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed."  *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order).  "Although district courts retain the discretion to depart from [these] rules in unusual circumstances, a court's reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)."  *Calabro*, 650 F.3d at 166.

III.  **DISCUSSION**

Plaintiffs argue that attorney's fees are appropriate because the Removing Defendants lacked an objectively reasonable basis for removal after Plaintiffs amended their pleadings to disclaim all federal claims and that, in the alternative, unusual circumstances justify an award of attorney's fees.  (*See generally* ECF No. 154 ("Ps' Mem."); ECF No. 159 ("Ps' Reply").)  The Removing Defendants maintain that their initial removal was objectively reasonable and that their conduct in response to Plaintiffs' post-removal amendments does not justify an award of attorney's fees.  (*See generally* Ds' Opp.)

A.    **Objectively Reasonable Basis for Removal**

Plaintiffs largely frame the instant motion as turning on the propriety of the Removing Defendants' conduct following the filing of Plaintiffs' post-removal amended complaints, (ECF No. 105 ("AC")) – which sought to disclaim any and all claims which might give rise to federal officer removal under 28 U.S.C. § 1442(a) – and as a result, spend much of their brief discussing the Removing Defendants' "unwillingness to . . . acquiesce to" remand, (Ps' Mem. at 12; *see id.* at 9-11).  But it is well settled that "[o]bjective reasonableness is evaluated based on the circumstances as of the time that the case was removed."  *Williams*, 416 F. App'x at 99; *see Gondolfo v. Town of Carmel*, No. 20-CV-9060, 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022); *Portville Truck & Auto Repair, Inc. v. Mack Trucks, Inc.*, 468 F. Supp. 3d 569, 571 (W.D.N.Y. 2020); *Naxos Art, Inc. v. Zoullas*, No. 16-CV-7269, 2017 WL 2894142, at *2 (S.D.N.Y. July 7, 2017).  Plaintiffs did not disclaim claims relating to the Removing Defendants' work for the federal government until September 29, 2023, (*see* AC ¶¶ 3-6, 113-116) – two months after the Removing Defendants removed the case to this Court – and thus the question for the Court is whether the Removing Defendants had an objectively reasonable basis for seeking removal under § 1442(a) absent the disclaimer.  I find that they did.

"The federal-officer removal statute . . . provides that a case may be removed from state to federal court when the case is brought against 'the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, No. 19-CV-6070, 2020 WL 3129162, at *3 (E.D.N.Y. June 12, 2020) (quoting 28 U.S.C. § 1442(a)(1)).  A defendant that is not itself a federal officer "must satisfy a three-pronged test to determine whether it may effect removal on

5

those grounds," under which it must "(1) show that it is a person within the meaning of the statute who acted under a federal officer, (2) show that it performed the actions for which it is being sued under color of federal office, and (3) raise a colorable federal defense."  *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 142-43 (2d Cir. 2023); *see Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008).  Unlike other removal provisions, "[t]he federal officer removal statute must be construed broadly because one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Gordon v. Air & Liquid Sys. Corp.*, 990 F. Supp. 2d 311, 316 (E.D.N.Y. 2014); *see Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 F.4th 105, 120 (2d Cir. 2021).

In their removal papers, the Removing Defendants relied on decisions in two opioid cases which held that pharmacy benefit manager ("PBM") defendants, including Express Scripts, could remove under § 1442(a).  *See Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 257 (4th Cir. 2021); *In re Nat'l Prescription Opiate Litig.*, No. 17-MD-2804, 2023 WL 166006, at *8 (N.D. Ohio Jan. 12, 2023); (*see also* ECF No. 1 ¶ 36; ECF No. 37 ¶ 6).  The fact patterns in those cases are indisputably similar to the fact pattern here:  the plaintiffs alleged that Express Scripts contributed to the opioid epidemic by improperly promulgating drug formularies that prioritized opioids over other medications, *see Cnty. Bd. of Arlington Cnty.*, 996 F.3d at 248; *In re Nat'l Prescription Opiate Litig.*, 2023 WL 166006, at *2, and Express Scripts removed under § 1442(a) on the basis that it performed some of the allegedly improper pharmacy services pursuant to contracts with the Department of Defense ("DoD"), *see Cnty. Bd. of Arlington Cnty.*, 996 F.3d at 248; *In re Nat'l Prescription Opiate Litig.*, 2023 WL 166006, at *2.  The courts agreed with Express Scripts that its contract with the

DoD provided a sufficient basis for federal officer removal.  *See Cnty. Bd. of Arlington Cnty.*, 996 F.3d at 251-57; *In re Nat'l Prescription Opiate Litig.*, 2023 WL 166006, at *4-8.

Plaintiffs make no attempt to distinguish the instant case from *Arlington County* and *In re National Prescription Opiate Litigation* or explain why, in spite of those decisions, the Removing Defendants lacked an objectively reasonable basis on which to remove this case at the time they removed.  Instead, Plaintiffs argue that the Removing Defendants lacked an objectively reasonable basis to remove because their removal was based on a federal defense.  (Ps' Mem. at 9-10.)  But the cases to which Plaintiffs cite deal with federal question jurisdiction, *see Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) (summary order); *Sea Gate Ass'n v. Krichevsky*, No. 18-CV-3408, 2019 WL 8587287, at *1-2 (E.D.N.Y. June 21, 2019); *Gondolfo*, 2022 WL 19183, at *1; *Meeks v. City of Rochester*, No. 22-CV-6163, 2022 WL 13789086, at *2 (W.D.N.Y. Oct. 24, 2022), and have no applicability to federal officer removal, which necessarily requires a federal defense.  *See Agyin v. Razmzan*, 986 F.3d 168, 174 (2d Cir. 2021) ("Under § 1442, federal officer removal must be predicated on the allegation of a colorable federal defense.").

Accordingly, because two courts found removal proper under substantially similar circumstances, the Removing Defendants had an objectively reasonable basis to believe that removal would be proper in this case as well.  *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) (that "[defendant] asserts that it has removed at least one similar case and [the court] upheld its removal on appeal . . . in itself is sufficient to justify a decision to remove a similar case"); *Healthcare Venture Partners, LLC v. Anthem Blue Cross & Blue Shield*, No. 21-CV-29, 2021 WL 5194662, at *10 (S.D. Ohio Nov. 8, 2021) (removal objectively reasonable where "four circuits previously found that a FEHBA-plan administrator, like [defendant], may properly remove to federal court when it is sued in its capacity as an administrator of healthcare

benefits for federal employees"); *cf. Williams*, 416 F. App'x at 99 ("[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.").

### B.    Unusual Circumstances

Plaintiffs argue that, even if removal was initially reasonable, the Court should nevertheless award attorney's fees for the Removing Defendants' "*post*-removal gamesmanship, [and] vexatious and frivolous conduct."  (Ps' Reply at 4.)  I disagree.

Even where a defendant had an objectively reasonable basis for removal, the Court may award attorney's fees under § 1447(c) in "unusual circumstances."  *Calabro*, 650 F.3d at 166. "When a court exercises its discretion in this manner, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under Section 1447(c), which include disincentivizing actions that delay resolution of the case, impose additional costs on both parties, and waste judicial resources."  *CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017) (summary order); *see Martin*, 546 U.S. at 140 ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."); *Callahan v. Wyckoff Heights Med. Ctr.*, No. 20-CV-4986, 2021 WL 7209232, at *6 (E.D.N.Y. Sept. 14, 2021) ("Courts have held that sanctions may be awarded to a removing defendant under [§ 1447(c)] where a plaintiff's misleading assertions or gamesmanship have delayed the remand.").

Plaintiffs argue that they are entitled to attorney's fees because the Removing Defendants failed to stipulate to remand after Plaintiffs agreed to, and eventually did, disclaim all claims

giving rise to federal officer removal jurisdiction.  (*See* Ps' Mem. at 2-4, 10-12; Ps' Reply at 4-7.)  But the Removing Defendants were not required to stipulate to remand following the disclaimer, and they made several non-frivolous, even if ultimately unsuccessful, arguments in opposition to Plaintiffs' motion to remand.  As an initial matter, the Removing Defendants maintained in opposition to the remand motion that the disclaimer was ineffective because Plaintiffs will be unable to separate damages related to commercial health plans from those related to federal plans.  (*See* ECF No. 121 ("Ds' Remand Opp.") at 18-22.)  Although I rejected that "indivisibility" argument, (*see* June 18 Opinion at 14-16), it was not a frivolous one.  There was no binding precedent on the subject; the primary cases on which Plaintiffs relied, and on which I ultimately based my decision – *People of the State of Cal. v. Eli Lilly & Co.*, No. 23-CV-1929, 2023 WL 4269750 (C.D. Cal. June 28, 2023), *rev'd and remanded sub nom. California v. CaremarkPCS Health LLC*, No. 23-55597, 2024 WL 3770326 (9th Cir. Aug. 13, 2024), and *Gov't of Puerto Rico, v. Eli Lilly & Co.*, No. 23-CV-1127, 2023 WL 4830569 (D.P.R. July 13, 2023), *rev'd and remanded sub nom. Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024) – were being appealed; and the Removing Defendants made a genuine effort to distinguish the instant case from those precedents, (*see* Ds' Remand Opp. at 21 n.3).[3]

---

[3] Following my June 18 Opinion, both *Gov't of Puerto Rico* and *People of the State of California* were reversed and remanded by the First and Ninth Circuits, respectively.  *See generally Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024); *California v. CaremarkPCS Health LLC*, No. 23-55597, 2024 WL 3770326 (9th Cir. Aug. 13, 2024).  The Circuits credited the PBM defendants' indivisibility arguments and therefore determined that the plaintiffs' attempts to disclaim claims giving rise to federal officer removal jurisdiction were ineffective to defeat removal.  *See Gov't of Puerto Rico*, 119 F.4th at 191-94; *California*, 2024 WL 3770326, at *1.  That two Circuits have now adopted PBMs' indivisibility arguments under circumstances similar to those here reinforces the non-frivolous nature of the Removing Defendants' opposition to remand, even if they could not rely on those decisions in opposing Plaintiffs' motion.

The Removing Defendants were also entitled to argue that, even if the Court found the disclaimer effective, the Court should nonetheless exercise supplemental jurisdiction over the remaining claims.  *See Healthcare Venture Partners, LLC*, 2021 WL 5194662, at *9 n.5 ("[A] district court has discretion in determining whether to remand a case after the claims giving rise to § 1442(a)(1) jurisdiction are eliminated."); *cf. Frawley v. Gen. Elec. Co.*, No. 06-CV-15395, 2007 WL 656857, at *3 (S.D.N.Y. Mar. 1, 2007) ("[W]hether to retain a removed case after post-removal dismissal of all claims that made the case properly removable presents an entirely different issue than whether removal was proper in the first place."); *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014) ("The later elimination of federal claims and defenses, so as to leave standing only state-law claims, may bear on whether the Court chooses to exercise supplemental jurisdiction, but it does not eliminate federal jurisdiction.").

Accordingly, I do not find that the Removing Defendants' failure to stipulate to remand following the disclaimer constitutes an "unusual circumstance" sufficient to warrant an award of attorney's fees.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motions for attorney's fees are DENIED.  The Clerk of Court is respectfully directed to docket this Order in the above-captioned case and the thirty-three related cases (listed in footnote 1) and terminate the pending motions for attorney's fees in the same.

**SO ORDERED.**

Dated: February 3, 2025
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

10